tion denied, on payment of $10 costs, and, on payment of $10 additional, leave given to apply to court below to open default.

In re CULLINAN. (Supreme Court, Appellate Division, First Department. October 18, 1901.) In the matter of Patrick W. Cullinan. No opinion. Motion denied.

CURTISS et al., Respondents, v. POWELL et al., Appellants. (Supreme Court, Appellate Division, Second Department. October 4, 1901.) Action by C. Henry Curtiss and another against Walter C. Powell and another. No opinion. Judgment and order of the county court of Westchester county affirmed, with costs.

CYPRES, Respondent, v. HAULENBEEK ROASTING & MILLING CO., Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Adolph Cypres against the Haulenbeek Roasting & Milling Company. S. G. Adams, for appellant. G. W. McAdam, for respondent. No opinion. Judgment (69 N. Y. Supp. 650) affirmed, with costs.

DABRITZ, Respondent, v. BLUM et al., Appellants. (Supreme Court, Appellate Term. June, 1901.) Action by Clara Dabritz against Benjamin Blum and others. Mooney & Shipman, for appellants. F. L. Drescher, for respondent. No opinion. Judgment reversed, and new trial ordered, with costs to abide the event.

DAVIDSON, Appellant, v. JOHN GOOD CORDAGE & MACH. CO. et al., Respondents. (Supreme Court, Appellate Division, Second Department. October 4, 1901.) Action by Charles M. Davidson against the John Good Cordage & Machine Company and others. No opinion. Motion for reargument, or for leave to appeal to the court of appeals, denied. See 71 N. Y. Supp. 565.

DEERING v. CITY OF NEW YORK. (Supreme Court, Appellate Division, First Department. October 18, 1901.) Action by James A. Deering against the city of New York. No opinion. Motion granted, with $10 costs.

DE VORE v. CITY OF AUBURN. (Supreme Court, Appellate Division, Fourth Department. October 1, 1901.) Action by John M. De Vore against the city of Auburn. No opinion. Motion for reargument denied, motion for leave to appeal to the court of appeals denied, and motion to correct judgment of affirmance (71 N. Y. Supp. 747) granted.

DE WINT, Respondent, v. BROOKLYN UNION EL. R. CO. et al., Appellants. (Supreme Court, Appellate Division, Second Department. October 4, 1901.) Action by John P. H. De Wint against the Brooklyn Union Elevated Railroad Company and the Brooklyn Heights Railroad Company. No opinion. Judgment affirmed, with costs.

SEWELL, J., not sitting.

DIAMONDSTONE, Appellant, v. GUTSTADT et al., Respondents. (Supreme Court, Appellate Term. June, 1901.) Action by Samuel Diamondstone against Isidor Gutstadt and others. Shafer & Levin, for appellant. Manheim & Manheim, for respondents.

PER CURIAM. The real issue upon the trial related solely to an increase of three cents a dozen, insisted by the plaintiff to have been made between him and the defendants. The plaintiff's testimony was too inexact in favor of such an agreement, while each defendant expressly denied the making of such an arrangement. The court below found for the defendants on the question, and awarded the plaintiff somewhat more than the defendants had paid into court, but without costs. We think this conclusion should rest undisturbed. Judgment affirmed, with costs.

DICKINSON, Respondent, v. SALMON, Appellant. (City Court of New York, General Term. May, 1901.) Action by Patrick E. Dickinson against Hamilton H. Salmon. Johnston & Johnston (Edward W. S. Johnston, of counsel), for appellant. George F. Langbein, for respondent.

SCHUCHMAN, J. The complaint sets forth as a cause of action plumbing repairs amounting to $136.38, made between January 7 and March 30, 1896, ordered by one Frank Yoran, as agent of the defendant. The answer sets up a general denial. At the trial, the making of the repairs and the reasonable value thereof were proved by the plaintiff and not disputed by the defendant. The defendant's contention is—First, that there is a failure of proof that he (the defendant) had authorized Yoran to order the repairs to be made or to employ the plaintiff to make them; and, second, that he (the defendant) was not acting as a principal, but as the agent of his mother. The evidence adduced at the trial shows that Yoran died on April 13, 1897, and that for about three years prior thereto he collected the rent of the premises upon which the said repairs were made, and sent the defendant a monthly statement of the rents, crediting thereon his commission and expenses for repairs, and also sending checks to the defendant's order for the balance, and which checks the defendant indorsed in his own name. The evidence further shows that on November 16, 1899, the defendant individually brought a suit in the New York supreme court against the executors of Yoran on a verified complaint, wherein the defendant alleged that theretofore, and for several years prior to his death (that is, the said Yoran's death), he (Yoran) was employed by this plaintiff (the defendant herein) as agent to collect for the plaintiff, and to turn over to him the rents of certain real property, and that said Yoran owed him (the plaintiff; this defendant), for rent collected and not paid over to him, $1,997.50, and which allegations were reaffirmed by the defendant's testimony at the trial before the surrogate. From this evidence the jury had the right to infer that Yoran was the defendant's agent authorized to order repairs to be made, and that the defendant was liable as principal. The defendant being an in-